property was not canceled until July 22, 1904. At the end of the testimony the plaintiff moved for the direction of a verdict, which motion was granted, and the defendant excepted. The defendant then made a motion for a new trial, which the court took under advisement and subsequently granted.

I think that this direction of a verdict for the plaintiff was correct. What the plaintiff agreed to accept was a conveyance of the property, subject to a mortgage held by the Mutual Life Insurance Company of New York, the principal sum of which was due. He did not agree to accept title to the property, subject to an action to foreclose the mortgage. He was entitled to the property, subject to an existing mortgage, not to a mortgage which had been called in and which the mortgagee was enforcing by foreclosure proceedings. There was imposed upon the property a liability for the cost of the foreclosure proceedings, and, the action having been commenced to foreclose the mortgage, the owner of the property was placed in an entirely different position than if the mortgage had simply been an outstanding mortgage. This appeared from the statement, made at the time for the closing of the contract, that the mortgagee would allow the mortgage to remain if the rock which was upon the property was excavated or the defendant gave a bond to secure its excavation. From this it would appear that an additional burden would be imposed upon the purchaser.

I think, therefore, that the tender of a deed, subject to a mortgage under foreclosure, where the costs of that foreclosure were at least an incumbrance upon the property, was not a deed subject to an existing mortgage which was due and unpaid, and that the plaintiff was entitled to recover back the money that he paid and the expense of examining the title. Whether or not the defendant could have set up an equitable defense or as a counterclaim the facts in relation to this mortgage and his tender of the amount due and offer to pay the cost of foreclosure, and ask for relief in equity, it is not necessary to determine, as no such defense was set up in the answer; the defendant resisting the right of the plaintiff to recover back this money upon a denial of the fact that the title that the defendant tendered was not in accordance with the contract.

I think the order appealed from should be reversed, with costs, and judgment directed on the verdict, with costs. All concur.

---

(55 Misc. Rep. 203)

ENGEL v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 27, 1907.)

1. TRIAL—DIRECTING VERDICT—CREDIBILITY OF WITNESSES.

Where the evidence presented an issue of fact, and the plaintiff alone testified in support of her cause of action, it was error to direct a verdict for the plaintiff and withhold from the jury the right to pass upon her credibility.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 335.]

2. PENALTIES—ACTIONS—PROOF.

Where an action is brought to recover a penalty, the plaintiff should be held to a strict proof of the cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Penalties, § 34.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Eva T. Engel against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Joseph D. Kelly, for appellant.

Charles I. Engel (Robert Beyer, of counsel), for respondent.

PER CURIAM. This is a transfer case, and was tried before a jury. At the close of the whole case the trial justice directed a verdict for the plaintiff over the objection of the defendant. The defendant expressly requested permission to go to the jury upon the question of fact raised by its controverting proof, which was denied, and an exception thereto taken.

The plaintiff claims to have boarded the car at Broadway and Duane street; her destination being Lenox avenue and 138th street. The car she boarded was a Lexington avenue car. She testified that she asked for a transfer to enable her to take a car at 125th street, intending to ride west on that street, and then north on Lenox avenue to her home on 138th street, and that a transfer was refused her. The defendant proved that at the time of the alleged refusal it had instituted a system of, and was giving, transfers from the Lexington avenue line east and west on 125th street. The plaintiff alone testified in support of maintaining her cause of action. The plaintiff being an interested witness, it was error to withhold from the jury the right to pass upon her credibility. They may have disbelieved her statement that she was refused a transfer. It was, therefore, error to direct a verdict for the plaintiff. MacDonald v. Metropolitan Street Railway Company, 167 N. Y. 66, 60 N. E. 282.

The action being for a penalty, the plaintiff must be held to strict proof.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.